FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 30 2016
JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CASE NO. 4:16-cv-936-KGB

SANDRA GOULDBLUM            PLAINTIFF

v.

ARKANSAS DEPARTMENT OF HUMAN SERVICES,
Cindy Gillespie, in her Official Capacity as
Director of the Arkansas Department of Human Services;
Steven Little, Individually and in his Official Capacity as
Director of Finance of the Arkansas Department of Human Services    DEFENDANTS

## COMPLAINT

This case assigned to District Judge **Baker**
and to Magistrate Judge **Deere**

NOW COMES Plaintiff Sandra Gouldburn, by and through her Attorney, Amelia Lafont, and for her cause of action against the Defendants, hereby states and alleges:

### JURISDICTION AND VENUE

1. This is an action claiming discrimination and retaliation in employment pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and the Arkansas Civil Rights Act (Ark. Code. Ann. § 16-103-7).

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. § 1331, which gives federal district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States;

   b. 28 U.S.C. § 1343 (3) and (4), which give federal district courts jurisdiction over actions to secure civil rights extended by the U.S. Constitution or Congress;

   c. 28 U.S.C. § 1367, which gives federal district courts supplemental jurisdiction over state law claims.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this District.

1

## PARTIES

4. The Plaintiff, Sandra Gouldburn ("Gouldburn"), is a natural person who resided in Little Rock, Arkansas during the times relevant to this cause of action. Gouldburn is a black and Hispanic female who is a native of the country of Panama.

   At the times relevant to this cause of action, Gouldburn was an employee within the meaning of 29 U.S.C. § 203(e)(1) and 42 U.S.C. § 2000e(f).

5. Defendant Cindy Gillespie ("Gillespie") is the Director of the Arkansas Department of Health and Human Services ("DHS"), and, as such, is responsible for the management and operations of Defendant Arkansas Department of Human Services. She is also a person covered under the anti-retaliation provisions of the Arkansas Civil Rights Act.

   At the times relevant to this action, the Defendant Arkansas Department of Human Services was an employer within the meaning of 29 U.S.C. § 203(d), 42 U.S.C. § 2000e(b), and Ark. Code Ann. § 6-123-102(5).

6. Separate Defendant Steven Little ("Little"), believed to be a resident of Pulaski County, Arkansas, is currently the Director of Finance for DYS, a department within Arkansas DHS. In that capacity, he is responsible for the management and operation of the *. Little was a resident of the Eastern District of Arkansas at the times he engaged in the actions about which Plaintiff complains. He is also a person covered under the anti-retaliation provisions of the Arkansas Civil Rights Act.

7. The Defendant DHS is responsible for the actions of Defendant Little.

8. Little is sued in his individual capacity for actions taken individually and officially intentionally interfere with Plaintiff's employment contract with the DHS, and because he did so for reasons directly related to her race and national origin.

## STATEMENT OF FACTS

9. Plaintiff is a black and Hispanic female, who is from the country of Panama. She relocated to the U.S. and began working at Defendant Arkansas Department of Human Services in December, 2015, in the Finance Department of DYS, a sub-department of DHS.

10. At all times relevant hereto, Plaintiff performed her job satisfactorily.

11. Plaintiff was hired on January 25, 2016 and a Budget Manager, Grade C119 at DHS. Her duties included full supervision of an Accountant II, a white female.

12. Plaintiff Gouldburn is the only non-American employee working for her supervisor.

13. She has been treated differently and experienced different terms and conditions of her employment from similarly situated to others outside her protected classes in the following ways:

    a. She was made to endure the humiliation caused by the discriminatory behavior of her subordinate, who refused to be supervised by Plaintiff. Plaintiff's subordinate was enabled to accept, ignore, and refuse Plaintiff's supervision at her whim. The subordinate never objected to being directed by the white, American supervisors and managers in the Department.

    b. The subordinate undermined Gouldburn's exercise of her role's duties and responsibilities in the following ways including:

        i. She requested directions from others bypassing Plaintiff, and relegating her inclusion to a "cc" on emails.

        ii. On multiple occasions, she went to Plaintiff's supervisor to seek relief from Plaintiff's directors, which was often granted.

        iii. On multiple occasions, the subordinate responded to Plaintiff's supervisory directives with dramatic emotional outbursts, including tears and saying things such as, "leave me alone, don't talk to me, sned me emails, stop interrupting me" "this is ridiculous" "She cannot supervise me" "if you insist on her supervising me I am going to leave" "why is he [the supervisor] doing this to me/punishing me?'

        iv. These outbursts occurred in the presence of Plaintiff's chain of command and co-workers, who often supported the subordinate by saying things such as Plaintiff's immediate supervisor saying, "she is a good employee, she does not need supervision, leave her alone."

    c. Gouldburn is the only supervisor that was not allowed to supervise her employee. She observed that all white and American supervisors were able to supervise their subordinate employees.

14. Plaintiff was assigned a discriminatory workload after departmental reorganizations and retirements. She was forced to take on all work duties from three full-time positions. Defendants refused to distribute the work amongst other available and better-qualified white and American employees, which effectively spared them from the exhaustion, stress, harassment, unreasonable expectations, and hostile environment Plaintiff is subjected to.

15. When Plaintiff asked her supervisor is her was treating her differently and more harshly than her American co-workers, he replied that "Yes, you are a Panamanian. I

don't know how it is done in Panama but this is the way it is done in Little Rock, Arkansas."

16. Plaintiff has experienced additional adverse employment actions in several forms, including:

    a. Requirements that she be responsible for some of her supervisor's day-to-day responsibilities of running the Finance Section;

    b. permanent assignment to the job of two full-time employees, in what amounts to a 'veiled' hiring decision, for which she is not compensated;

    c. improper assignment of complex job functions of two higher graded managerial positions for which she did not apply and does not qualify;

    d. threats of adverse evaluations, verbal harassment, and criticisms for job performance for an absurd workload in tasks assigned to positions for which she did not apply and does not qualify; and

    e. Intentional creation of obstacles and interference with her performance of these jobs.

17. Upon information and belief, similarly situated American employees are not treated similarly.

18. This physical, emotional, and mental harassment drove Plaintiff to total exhaustion and physical and emotional distress. She was brought to the ER after passing out at work, and has continued adverse health effects caused by Defendants' discriminatory conduct and practices.

19. Plaintiff has filed charges of discrimination with the Equal Employment Opportunity Commission.

20. Subsequent to asserting her rights clearly protected under clearly held federal and state laws, Plaintiff has been subjected to retaliation.

21. Defendants' stated reasons for employment actions taken against Plaintiff are pretext for illegal discrimination and retaliation. Plaintiff's race and national origin were motivating factors in the discrimination against her in her employment with Defendants.

22. Defendants have subjected Plaintiff to differing terms and conditions of employment based on her race and national origin, Panamanian. Those supervising her are white and not of Panamanian or foreign heritage.

23. Defendants' acts of discrimination are in violation of federal and state law, and the policies of the State of Arkansas.

24. Defendants' actions were willful, malicious, intentional, substantial, and highly offensive to a reasonable person. As such, Plaintiff is entitled to an award of punitive damages.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

25. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission alleging illegal discrimination and retaliation.

26. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Letter. A copy of the notice is attached hereto as Exhibit "A" and is incorporated herein by reference.

## VIOLATIONS OF LAW

### COUNT I
### Discrimination Based on National Origin

27. Plaintiff's national origin as a Panamanian formed the basis for employment discrimination by harassment and differential treatment against her. Non-foreign-born employees, and more specifically, whites, were not treated as harshly as Plaintiff.

28. Her national origin, Panamanian, was the motivating reasons for Defendants' actions taken against Plaintiff in her employment conditions.

29. Defendants violated Plaintiff's rights to be free from discrimination in employment based on her national origin.

30. Defendants have deprived Plaintiff of her federal Constitutional and/or statutory rights by treating her differently from and less preferably than similarly situated white, native employees, by subjecting her to discriminatory pay and terms and conditions of employment, discriminatory harassment, and other differential treatment on the basis of national origin, affecting her compensation in violation of Title VII.

31. Defendant DHS acted under color of state law when it discriminated against Plaintiff and denied her equal treatment due to her race and national origin.

32. As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has sustained harm, injuries and damages, including but not limited to: lost wages, lost bonuses, lost benefits, diminished retirement income, and attorneys fees and costs. She is therefore entitled to equitable relief in addition to damages.

## COUNT II
### Race Discrimination Claims under 42 U.S.C. § 1981

33. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

34. Defendants' interference with Plaintiff's regular job performance, and their harassment of her, were based on racially discriminatory reasons, and were adverse employment acts that violated Ms. Gouldblum's statutory right to make and enforce employment contracts on a non-racially discriminatory basis. 42 U.S.C. § 1981a(a)(1), 42 U.S.C. § 1981a(b)(3).

35. The Defendant is liable for Little's racially discriminatory acts. 42 U.S.C. § 1981a(a)(1), 42 U.S.C. § 1981a(b)(3).

## COUNT III
### Retaliation Claims under 42 U.S.C. § 1981

36. Defendant Little continued to discriminate against Ms. Gouldburn on the basis of race as retaliation for her challenging his discriminatory practices. This was an adverse employment act that violated Ms. Gouldburn's statutory right to challenge discriminatory practices in the workplace and not be retaliated against for doing so. Humphries, 52 U.S. at 445-457.

## COUNT IV
### Retaliation for Exercise of a Protected Right

37. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

38. Defendants retaliated against Plaintiff by taking adverse actions against her after she exercised rights protected by the Civil Rights Act of 1964 by objecting to Defendants' discriminatory acts.

39. Such retaliation is in violation of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act.

40. Defendant Steven Little is liable in his individual capacity for retaliation prohibited under the Arkansas Civil Rights Act.

## COUNT V
### Discrimination Claims under The Arkansas Civil Rights Act

41. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

42. Defendants deprived Plaintiff of her Arkansas Constitutional and/or statutory rights when Defendants deprived Plaintiff of her state rights to hold employment without discrimination based on gender.

43. As a direct and proximate result of Defendants' violations of Ark. Code. Ann. § 16-103-7, Plaintiff has sustained injuries and damages, including but not limited to, wages, bonuses, benefits, and diminished retirement income.

44. Under Ark. Code. Ann. § 16-103-7(c)(1)(A), because Plaintiff was injured by employment discrimination by an employer, this Court may issue an order against Defendants to prohibit their discriminatory practices, provide affirmative relief from the effects of the practices, and award back pay, interest on back pay, punitive damages, the cost of litigation and a reasonable attorney's fee.

## RELIEF REQUESTED

45. Plaintiff requests that the Court enjoin Defendants from engaging in any further discrimination against her. 42 U.S.C. § 2000e-5(g)(1).

46. Plaintiff requests an award of compensatory damages against the Defendants for their acts of discrimination. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, 483 (1986) (plurality opinion).

47. Plaintiff requests an award of compensatory damages against the Defendants for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. 42 U.S.C. §§ 1981a(b)(1), 1981a(b)(4).

48. Plaintiff requests an award of punitive damages against Steven Little in his individual capacity because he violated her due process rights with malice or reckless indifference to her federally protected rights. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981).

49. Plaintiff requests an award of pre-judgment interest and post-judgment interest and the maximum rate allowed by law. *Loeffler v. Frank*, 486 U.S. 549, 557-558 (1988).

50. Plaintiff requests that she be awarded her costs of prosecuting this case, including attorney's fees. 29 U.S.C. § 216(b); 42 U.S.C. §§ 1988(b), 1988(c), and 2000e-5(k).

51. Plaintiff requests that the Court award her any other equitable relief that the Court deems appropriate. 42 U.S.C. § 2000e-5(g)(1)., Arkansas Civil Rights Act.

WHEREFORE, Plaintiff Sandra Gouldblum requests that this matter be set for early hearing and that thereafter she be awarded relief as follows against the parties:

1. Compensatory damages in whatever amount, exclusive of costs and interests, that Plaintiff is found to be entitled;

2. Punitive damages against Defendant Steven Little, in a just and proper amount to be determined;

3. An order requiring Defendant District to place Plaintiff into the position with requisite pay, benefits, and terms and conditions to which she is entitled due to the equities of the situation;

4. An order enjoining and restraining Defendants from further acts of discrimination or retaliation because of her having undertaken the filing of the charge and lawsuit herein;

5. An award of interest, costs, and reasonable attorney's fees;

6. Any and all remedies pursuant to 42 U.S.C. § 1983 ("The Civil Rights Act of 1871"); 28 U.S.C. § 2201 *et seq.*; 42 U.S.C. § 2000e *et seq.* ("Title VII"); and the Arkansas Civil Rights Act (Ark. Code. Ann. § 16-103-7).

7. Any other appropriate measures which may be deemed necessary in order to overcome the described discrimination and its related consequential effects.

8. Such other and appropriate relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Amelia Lafont*

Amelia Lafont
Bar No. 2015223
Law Office of A. Lafont, PLLC
1723 Broadway St.
Little Rock, AR 72205
504.416.9766 cellphone
501.374.3757 office
501.374.4187 facsimile
attorneylafont@gmail.com

EEOC Form 161 (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Sandra S. Gouldburn
8317 Count Massie Apt 102
North Little Rock, AR 72113

From: Little Rock Area Office
820 Louisiana
Suite 200
Little Rock, AR 72201

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2016-01836 | Margie Myers, Investigator | (501) 324-6214 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_William A. Cash, Jr._
William A. Cash, Jr.
Area Office Director

SEP 3 0 2016
*(Date Mailed)*

Enclosures(s)

cc: Kitten Dixon
Office Manager
ARKANSAS DEPARTMENT OF HEALTH AND HUMAN SERVICES
Department of Youth Services
P.O. Box 1437 S260
Little Rock, AR 72203

EX. A