IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SANDRA GOULDBLUM                                                    PLAINTIFF

VS.                      CASE NO:    4:16-CV-936 KGB

ARKANSAS DEPARTMENT OF HUMAN SERVICES,
Cindy Gillespie, in her Official Capacity as
Director of the Arkansas Department of Human Services;
Steven Little, Individually and in his Official Capacity as
Director of Finance of the Arkansas Department of Human Services    DEFENDANTS

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Come now, Defendants, the Arkansas Department of Human Services, Cindy Gillespie in her official capacity as Director of the Arkansas Department of Human Services ("the Department" or "DHS"), Steven Little ("Defendant Little" or "Mr. Little") individually and in his official capacity as Director of Finance, by and through their attorneys, Jennifer L. Dedman and Amanda D. Land, of the Arkansas Department of Human Services, Office of Chief Counsel, and for its Brief in Support of Defendants' Motion to Dismiss, states and alleges as follows:

I. STATEMENT OF FACTS

  a. Relevant Facts from Plaintiff's Complaint

The matter pending before this Court alleges the Department discriminated against Plaintiff Sandra Gouldblum ("Plaintiff" or "Ms. Gouldblum") for reasons of retaliation and discrimination based on national origin and race. Plaintiff was hired by the Department on January 25, 2016 as a Budget Manager, Grade C119. Pl. Compl. at ¶ 11. Her duties included the supervision of an Accountant II, who is a white female. Pl. Compl. at ¶11. Plaintiff claims that she has been treated differently and experienced different terms and conditions of her employment from similarly situated employees. Pl. Compl. at ¶13. Specifically, Plaintiff claims

that she was humiliated by the behavior of her subordinate, who she claims refused to submit to Plaintiff's supervision. Pl. Compl. at ¶13(a).

Ms. Gouldblum also claims that she was assigned a discriminatory workload when she was assigned work duties after a departmental reorganization and retirements. Pl. Compl. at ¶14. Plaintiff claims Defendants did not evenly distribute the work load among other available and "better-qualified" employees, to which she attributes a discriminatory intent based on her race and national origin. Pl. Compl. at ¶14. Plaintiff further claims she asked her supervisor if he was treating her differently and more harshly than her American coworkers and alleges that her supervisor stated he was treating her differently because she was Panamanian. Pl. Compl. at ¶15. Plaintiff claims she experienced additional adverse employment actions related to the assignment of job responsibilities that she believes should have been assigned to other employees. Pl. Compl. at ¶16. She also claims she experienced threats of adverse actions, verbal harassment, criticisms, and intentional creation of obstacles and interference. Pl. Compl. at ¶16(d). Ms. Gouldblum asserts exhaustion and distress caused her to pass out at work and that she has experienced continued health effects. Pl. Compl. at ¶18.

### b. Plaintiff's EEOC Charge of Discrimination

On September 26, 2017, Plaintiff filed her Charge of Discrimination with the EEOC. Pl. Compl. at ¶19 and Defendants' Exhibit A. In her EEOC Charge, Plaintiff marked the boxes corresponding to National Origin, Retaliation, and Other (Equal Pay). Defendants' Exhibit A. Although she did not indicate any dates the alleged discrimination took place, she did mark the box to indicate "Continuing Action." *Id.* Plaintiff was issued a Right to Sue Letter four days later on September 30, 2016. *Id.* For the reasons set forth herein, Plaintiff's Complaint should be dismissed.

Plaintiff states the charges of discrimination subjected her to retaliation. Pl. Compl. at ¶20. She does not set forth any other basis for retaliation. She alleges that Defendants' actions are pretext for discrimination and retaliation and that her race and national origin are the motivating factors in the alleged discrimination. Pl. Compl. at ¶21.

## II.     STANDARD OF REVIEW

Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure provide that a Complaint may be dismissed for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted, respectively. Fed. R. Civ. P. 12(b)(1), (6).

A complaint may be dismissed pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. Ark. R. Civ. P. 12(b)(1). Sovereign immunity is jurisdictional immunity from suit, and where the pleadings show the action is one against the State, the trial court acquires no jurisdiction. *Grine v. Bd. Of Trustees, Univ. of Ark.*, 338 Ark. 791, 800 (1999). The Department, as an administrative agency of the State of Arkansas, enjoys sovereign immunity and is immune from suit. Ark. Const., art. V, § 20.

A complaint in federal court must recite a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). A party bringing the action must provide the grounds of his entitlement to relief, and must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action will not do; the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A complaint must contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. A complaint does not suffice if it tenders naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

129 S.Ct. 1937 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 663. The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility. *Braden*, 588 F.3d at 594. A defendant may make a factual attack on jurisdictional allegations of a complaint in a Motion to Dismiss, and the court may receive competent evidence in order to determine the factual dispute. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

The complaint must be construed in the light most favorable to the plaintiff. *Casino Res. Corp. v. Harrah's Entm't, Inc.*, 243 F.3d 435, 437 (8th Cir. 2001). The Court need not accept as true, however, conclusory allegations, legal characterizations or unreasonable inferences. *Iqbal*, 556 U.S. at 678. The Court need not assume that the plaintiff can prove facts different from those alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

When considering a motion to dismiss under Rule 12(b)(6), the court generally must ignore materials outside the pleadings, but it may consider matters of public and administrative record referenced in the complaint, as well as materials that are "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The court may also consider documents referred to in a complaint and central to a plaintiff's claim without converting to a motion for summary judgment. *See Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).

Courts have found EEOC charging documents as appropriate documents to consider when determining whether to dismiss a complaint under Rule 12(b)(6), particularly in determining whether claims have been administratively exhausted. *See Hernandez v. Partners*

*Warehouse Supplier Servs., LLC*, 890 F.Supp. 951, 957-58 (N.D. Ill. 2012). The Department makes reference to EEOC charging documents in this brief, which is appropriate in the Court's consideration of this Motion and does not necessitate a conversion to summary judgment. When considering a motion to dismiss under Rule 12(b)(6), the court generally must ignore materials outside the pleadings, but it may consider matters of public and administrative record referenced in the complaint, as well as materials that are "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The court may also consider documents referred to in a complaint and central to a plaintiff's claim without converting the filing to a motion for summary judgment. *See Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

#### a. Plaintiff's claims of discrimination based on her race, are barred because Plaintiff has failed to exhaust her administrative remedies.

Plaintiff failed to allege discrimination based on race in her EEOC Charge of Discrimination. Def. Ex. A. For this reason, Plaintiff failed to exhaust her administrative remedies with regard to any claim of race discrimination. *Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976) (finding an employee must exhaust all administrative remedies before filing a charge).[1] Plaintiff cannot save her failure to exhaust her administrative remedies as to her

---

[1] Plaintiff did not file her Charge until September 26, 2016. Although Plaintiff fails to allege acts occurring on or around specific dates in her Complaint, to the extent she included facts occurring more than 180 days prior to this date [prior to March 30, 2016] those were not timely filed with the EEOC. *See Bass v. Univ. of Ark. Pine Bluff*, Case No. 5:12-cv-00286-KGB, 2014 WL 4630459, at *13 (E.D. Ark. Sept. 16, 2014).

race claim by folding it into a claim under 42 U.S.C. § 1981. Allegations of racial discrimination are asserted throughout the Complaint, consequently, Plaintiff has failed to exhaust her administrative remedies with regard to claims of race discrimination. Plaintiff's claims of race discrimination should be dismissed for failure to state a claim upon which relief can be granted. The affected claims of race discrimination are contained in Counts I, II, III, and V of the Complaint, as well as throughout Plaintiff's Statement of Facts.

In much of her Complaint, Plaintiff conflates discrimination based on race and discrimination based on national origin, however, these are separate classes and not interchangeable under the law.

Plaintiff asserted her national origin discrimination claim under Count I of her Complaint. The Code of Federal Regulations specifically defines national origin and sets forth guidelines on national origin for the EEOC. *See* 29 C.F.R. §1606.1 specifically and §1606 *et seq*. generally. However, Plaintiff asserted her claims of race discrimination under 42 U.S.C. §1981 ("§1981"), not Title VII. Throughout her Complaint, she fails to differentiate as to which protected class each allegation relates. Because these two claims are treated separately under the law, Plaintiff's Complaint is vague on its face and it fails to state sufficient facts to clearly entitle her to relief under one claim or the other.

      **b. Plaintiff's claims of employment discrimination based on the Arkansas Civil Rights Act should be dismissed by this Court because they are barred by sovereign immunity under Ark. Code Ann. §16-123-104, creating jurisdictional immunity from suit.**

To the extent Plaintiff asserts claims of retaliation by DHS under the Arkansas Civil Rights Act, such claims are specifically barred by Arkansas Code Annotated §16-123-104, which states, "Nothing in this subchapter shall be construed to waive the sovereign immunity of the

State of Arkansas." At no time has the State waived sovereign immunity in this matter and the DHS specifically asserts its sovereign immunity from this claim in its Motion to Dismiss and this brief. For this reason, Plaintiff's claims against Defendants Arkansas Department of Human Services and Cindy Gillespie in her official capacity are barred under the Arkansas Civil Rights Act.[2] Plaintiff's claims in Count V of the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### c. Plaintiff fails to state a claim upon which relief may be granted, as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's Complaint should be dismissed because it fails to allege sufficient, non-conclusory facts demonstrating she is entitled to relief. In order to properly allege retaliation, Plaintiff must show: (1) she engaged in protected activity; (2) a reasonable employee would have found her employer's retaliatory action materially adverse; and (3) there is a causal connection between the two. *Higgins v. Gonzales*, 481 F.3d 578, 589 (8th Cir. 2007). At minimum, she must demonstrate some adverse action that occurred in response to her having engaged in protected EEO activity. *Hayes v. Patterson*, 366 Fed. Appx. 711, 712 (8th Cir. 2010) (protected activity must be demonstrated for a prima facie case of retaliation). Plaintiff has failed to do so.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint in federal court to recite a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party bringing the action must provide the grounds of her entitlement to relief and must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555(2007). Moreover, in order to survive a motion to dismiss for failure to state a

---

[2] To the extent Plaintiff asserts claims against Defendant Little in his official capacity, that claim is barred by sovereign immunity as well.

claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above and beyond the speculative level.  See *Id.*

In order to show entitlement to relief under Title VII, a plaintiff must, pursuant to Rule 8, plead facts that rise beyond the speculative level.  Plaintiff here has failed to do so.  Plaintiff merely recites conclusory allegations that she was retaliated against for having filed a charge of discrimination and that she was treated differently based on her national origin, but provides no facts that support her allegation.

Ms. Gouldblum's failure to include specific dates establishing beginning and ending dates of various allegations is particularly significant with regard to her retaliation claims. Without dates, she cannot establish that alleged retaliatory acts occurred **after** protected activity, much less that alleged retaliatory acts occurred in response to that activity, as required to show a causal connection between the two.

Plaintiff alleges retaliation in only two paragraphs of her Statement of Facts.  Both paragraphs state conclusions rather than facts in support of her allegation.  Plaintiff fails to allege any factual basis for retaliation after her charge of discrimination.  In paragraphs 19 and 20 of her Complaint, Plaintiff concludes that she was subjected to retaliation subsequent to asserting her rights by the filing of a charge of discrimination with the EEOC as follows:

> "19. Plaintiff has filed charges of discrimination with the Equal Employment Opportunity Commission.
>
> 20. Subsequent to asserting her rights clearly protected under clearly held federal and state laws, Plaintiff has been subjected to retaliation."

However, a review of her EEOC charge of discrimination reveals that Plaintiff marked retaliation on her charge document. Def. Ex. A. Thus, Plaintiff's claims are that she was subjected to retaliation because she filed a charge of discrimination and yet she indicated retaliation on her

charge of discrimination, ***before*** the retaliation she now alleges occurred**.** *Id.* In essence, Plaintiff's argument is circular.

It is clear from her charge of discrimination and her failure to state facts supporting her allegation, that *either* Plaintiff was not subject to retaliation because of the filing of a charge of discrimination *or* she has not alleged facts sufficient to show retaliation on some other basis – both cannot exist concurrently as she has alleged. Because she is unable to state facts sufficient show a causal connection between her protected activity and the alleged adverse employment action, her claims of retaliation in Counts III and IV of her Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### d. Ms. Gouldblum's 42 U.S.C. §1983 cause of action fails to state a claim upon which relief may be granted.

To the extent Ms. Gouldblum asserts a 42 U.S.C. §1983 ("§1983") damages claim against the individual defendants acting in their official capacities, it is also barred, both by the Eleventh Amendment and because the Defendants' capacities are not "persons" for §1983 purposes. *Hadley v. N. Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996) (quoting *Edelman v. Jordan*, 415 U.S. 651 (1974)); *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (holding that "neither a State nor its officials acting in their official capacities are "persons" under § 1983"). While the Eleventh Amendment clearly bars a § 1983 Complaint for money damages against individual defendants named in their official capacities, a claim under § 1983 may proceed when requesting prospective relief. *Buckley*, 780

Even if this Court finds that Ms. Gouldblum's cause of action against the individual defendants sufficiently articulates a valid claim for relief under § 1983 – which it does not – her claim fails because it fails to state a claim upon which relief may be granted for two reasons: (1)

her §1983 claim is based on a theory of retaliation stemming from Title VII and thus is preempted; and (2) apart from her claims under Title VII, Ms. Gouldblum completely fails to identify any other federal statutory or constitutional right under which her retaliation claim falls, as required by federal law. *See, e.g.*, *Cabell v. Chavez-Salido*, 454 U.S. 432, 434 n. 4 (1982) (claims under 42 U.S.C. §1983 require invocation of federal question jurisdiction under either 28 U.S.C. §1331 or 28 U.S.C. §1343).

The Complaint indicates that Ms. Gouldblum believes Defendants retaliated against her by transferring responsibilities to her or through racially discriminatory acts. Therefore, Ms. Gouldblum's retaliation claim under §1983 stems from her claim under Title VII. Because Ms. Gouldblum's claims under §1983 are preempted by Title VII, and her Complaint under Title VII fails, it follows that her §1983 claim likewise be dismissed.

Plaintiff has also failed to state a claim upon which relief may be granted because she has failed to state factual allegations in support of her §1983 claim. Fed. R. Civ. P. 8 (a)(2), Fed. R. Civ. P. 12(b)(6). Plaintiff only makes reference once to §1983 in her Complaint in paragraph 6 following her wherefore clause, as follows in relevant part:

"Any and all remedies pursuant to 42 U.S.C. §1983 ('The Civil Rights Act of 1871')…"

Ms. Gouldblum attempts to bring suit against Defendant Little simultaneously in both his official and individual capacities, not establishing clearly whether he is the person she claims is acting under color of state law. She makes no factual allegations to establish whether Defendant Little acted in his official capacity to enforce any DHS policy or practice in violation of a federally protected right. As a result, those claims against Defendant Little should be dismissed.

### IV. STEVEN LITTLE SHOULD BE DISMISSED IN HIS INDIVIDUAL CAPACITY

#### a. Defendant Little is shielded from individual liability under Title VII.

The Eighth Circuit has squarely held that supervisors may not be held individually liable under Title VII. *Bonomolo–Hagen v. Clay Cen.–Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir.1997) (per curiam); *Bales v. Wal–Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir.1998) (citing *Bonomolo–Hagen* with approval); *Reed v. Cedar County*, 474 F.Supp.2d 1045 (2007). To the extent Plaintiff attempts to establish individual liability on the part of Defendant Little under Title VII, her claims must be dismissed for failure to state a claim upon which relief can be granted. To the extent Plaintiff intends to establish liability on the part of Defendant Little in his official capacity under Title VII, her claims must be dismissed for failure to state a claim upon which relief can be granted as more fully covered in Section III of this brief.

#### b. Defendant Little is entitled to qualified immunity.

Qualified immunity protects government officials from damage liability unless their discretionary acts violated clearly established statutory or constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity guards against the injustice of subjecting public officials to damage liability for the good faith performance of discretionary duties they are legally obligated to undertake, and the danger that the threat of such liability will deter officials from performing with the decisiveness and judgment the public good requires. *Scheuer v. Rhodes*, 416 U.S. 232, 241–42, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Qualified immunity protects all but the plainly incompetent and those who willingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). To avoid a claim of qualified immunity, the right alleged must be "clearly established," that is, "[t]he contours of the right must be sufficiently clear that a reasonable official would

understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). When qualified immunity is asserted in a §1983 action, we "determine first whether the plaintiff has alleged a deprivation of a constitutional right at all," and if so, "whether the right allegedly implicated was clearly established at the time of the events in question." *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Additionally, the language of 42 U.S.C. §1983 requires a defendant to have acted "under color of state law." *See also King v. Beavers*, 148 F.3d 1031 (Ct. App. 8, 1998); *Plumhoff v. Rickard*, 134 S.Ct. 2012, 188 L.Ed.2d 1056 (2014); *Burns v. Eaton*, 752 F.3d 1136 (2014).

Plaintiff fails to allege facts to clarify whether she believes Defendant acted under color of state law or whether he acted while in his official or individual capacity. Ms. Gouldblum's Complaint only specifically addresses Defendant Little in Counts II, III, and IV. Nowhere in her Statement of Facts does she allege facts specific to Defendant Little. Her reference to the statements of a "supervisor" in paragraph 15 of her Complaint does not specify which of her supervisors she claims made the statement and does not name Defendant Little:

> "15. When Plaintiff asked her supervisor is her was [*sic*] treating her differently and more harshly than her American co-workers, he replied that, 'Yes, you are a Panamanian. I don't know how it is done in Panama but this is the way it is done in Little Rock, Arkansas.'"

For these reasons, Plaintiff's claims against Defendant Little in his individual capacity and Plaintiff's claims under §1983 generally should be dismissed due to qualified immunity and under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).

### c. Defendant Little is not an "employer" under the Arkansas Civil Rights Act, Ark. Code Ann. §16-123-102(5).

Ms.Gouldblum's claims under the Arkansas Civil Rights Act ("ACRA") should be dismissed on multiple grounds. First, the State, as well as the separate defendants, are entitled to sovereign immunity for Ms. Gouldblum's claims under the ACRA. Ark. Code Ann. § 16-123-

104; *Cross v. Ark. Livestock & Poultry Comm'n*, 328 Ark. 255 (1997). Second, because the federal claims are barred there no longer remain any Federal law issues before this Court, thus, there is no basis for the Court to exercise any "pendent" jurisdiction. See also *Pennhurst State Sch. and Hospital v. Halderman*, 465 U.S. 89, 121 (1984).

Arkansas Code Annotated §16-123-102 defines "employer" as "a person who employs nine (9) or more employees in the State of Arkansas in each of twenty (20) or more calendar weeks in the current or preceding calendar year, or any agent of such person." Although Defendant DHS is an employer and Defendant Little is an agent of DHS, Plaintiff fails to plead facts to establish that Defendant Little is an employer within the meaning of the Arkansas Civil Rights Act. Plaintiff also does not state facts alleging that Defendant Little acted maliciously. This Court has previously held that supervisors in a similar position to Defendant Little are not "employers" within the meaning of the Arkansas Civil Rights Act. Morrow v. City of Jacksonville, Ark., 941 F. Supp. 816 (1996).Simons v. Marshall, 255 S.W.3d 838, 369 Ark. 447 (2005). Also, Plaintiff again fails to name Defendant Little specifically at any place in her Statement of Facts and does not specifically allege acts or omissions taken in Defendant Little's individual capacity. Plaintiff only individually addresses Defendant Little in paragraph 40 of her Complaint, in which she states a conclusion and alleges no facts in support of her claim:

> "Defendant Steven Little is liable in his individual capacity for retaliation prohibited under the Arkansas Civil Rights Act."

In *Grine v. Board of Trustees*, 338 Ark. 791, 799-800, 2 S.W.3d 54, 60 (1999)*,* the Supreme Court of Arkansas considered the personal liability of a state employee, as follows:

> "[I]n considering the complaint on a motion to dismiss, if the acts or omissions complained of are alleged to be malicious and outside the course and scope of employment, then the coffers of the State are not implicated, and the suit is not one against the State. Under these conditions, Article 5, section 20, of the Constitution is not implicated."

There is no individual supervisor liability under Title VII or the ACRA. *Bonomolo-Hagen v. Clay Central-Everly Comm. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1998) ("[S]upervisors may not be held individually liable under Title VII"); *Stebbins v. Hannah*, 2015 WL 5996295, at *3, Case No. 4:15-cv-00436-JLH (Sep. 1, 2015) (Noting holdings in the Eighth Circuit finding no individual liability under Titles I or II of the ADA, respectively (citing *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 (8th Cir. 1999) and *Ebersole v. Novo Nordisk, Inc.*, 2011 WL 6115655, at *1-2 (E.D.Mo. Dec. 8, 2011))); *Morrow v. City of Jacksonville, Ark.*, 941 F.Supp. 816, 820 (E.D. Ark. 1996) Nor can Ms. Gouldblum hold co-workers liable in their individual capacities under these statutes. *Smith v. St. Bernards Regional Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). To the extent Ms. Gouldblum asserts a §1983 damages claim against the individual defendants acting in their official capacities, it is also barred, both by the Eleventh Amendment and because the Defendants' capacities are not "persons" for §1983 purposes. *Hadley v. N. Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996) (quoting *Edelman v. Jordan*, 415 U.S. 651 (1974)); *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (holding that "neither a State nor its officials acting in their official capacities are "persons" under § 1983").

Breaking down the claims asserted under the above-cited federal statutes and state laws, the only plausible claims that may be asserted must be done against the Department itself.

## V. CONCLUSION

WHEREFORE, the Arkansas Department of Human Services moves this Court to enter an Order dismissing the Complaint for failure to state a claim upon which relief may be granted; in addition dismissing Defendant Steven Little in his Individual Capacity; for its attorneys' fees and costs; and for all other just and proper relief to which it may be entitled.

Respectfully submitted,

Arkansas Department of Human Services

Office of Chief Counsel

By: */s/ Jennifer L. Dedman*

Jennifer L. Dedman, Ark. Bar No. 2010204
Amanda D. Land, Ark. Bar No. 2012135
P.O. Box 1437, Slot S-260
Little Rock, AR  72203-1437
(501) 396-6189
(501) 682-1390 facsimile
Jennifer.Dedman@dhs.arkansas.gov

**CERTIFICATE OF SERVICE**

I, Jennifer Dedman, certify that a copy of the foregoing pleading was served on April 20, 2017, via the Court's electronic filing system, to:

Amelia Lafont, Esq.
P.O. Box 56102
Little Rock, AR 72215

*/s/ Jennifer L. Dedman*
Jennifer L. Dedman