IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SANDRA GOULDBLUM**  PLAINTIFF

v.  Case No. 4:16-cv-00936-KGB

**ARKANSAS DEPARTMENT OF
HUMAN SERVICES,** *et al.*  DEFENDANTS

### ORDER

Before the Court is a motion to dismiss the complaint filed by plaintiff Sandra Gouldblum[1] (Dkt. No. 6). Defendants Arkansas Department of Human Services ("DHS"), Cindy Gillespie, in her official capacity as director of DHS, Steven Little, individually and in his official capacity as director of finance of DHS, filed the motion to dismiss. On May 15, 2017, Ms. Gouldburn filed a response to the motion to dismiss (Dkt. No. 10). For the reasons explained below, defendants' motion is granted in part and denied in part.

**I.  Background**

At this stage of the litigation, the Court takes the facts as alleged in the complaint as true. Ms. Gouldburn is a "black and Hispanic female" who is from the country of Panama (Dkt. No. 1, ¶ 9). Ms. Gouldburn alleges that she was treated differently from her similarly situated white co-workers and that she was retaliated against after she asserted her rights. Ms. Gouldburn filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") alleging that she was discriminated against on the basis of her national origin, retaliated against, and denied equal

---

[1] In her response to the motion to dismiss, Ms. Gouldblum asserts that there has been a misnomer and that her name is actually "Sandra Gouldburn." (Dkt. No. 10, ¶ 1). The Court directs the Clerk to change the spelling of plaintiff's name on the docket to Sandra Gouldburn.

pay (Dkt. No. 6-1, at 1). She asserted continuing action discrimination and retaliation (*Id.*). The EEOC issued her a right to sue letter (Dkt. No. 1, at 9).

Ms. Gouldburn filed her complaint with this Court on December 30, 2016 (Dkt. No. 1). In her complaint, Ms. Gouldburn makes the following claims: (1) in violation of Title VII of the Civil Rights Act of 1964, defendants discriminated against her on the basis of her national origin; (2) in violation of Title VII, defendants discriminated against her on the basis of her race;[2] (3) in violation of Title VII, defendants retaliated against her; (4) in violation of 42 U.S.C. § 1981, defendants discriminated against her on the basis of her race; (5) in violation of § 1981, defendants retaliated against her; (6) in violation of the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. § 16-123-101 *et seq.*, defendants discriminated against her on the basis of her national origin[3]; (7) in violation of the ACRA, Mr. Little, in his individual capacity, retaliated against her (Dkt. No. 1, at 5-6). Per Federal Rule of Civil Procedure 12(b)(6), defendants have moved to dismiss Ms. Gouldburn's claims.

Defendants argue that their motion to dismiss should be granted because: (1) Ms. Gouldburn failed to state allegations sufficient to meet notice pleading requirements under Federal Rule of Civil Procedure 8(a)(2); (2) the Title VII and ACRA discrimination and retaliation claims against Mr. Little in his individual capacity are barred; (3) Ms. Gouldburn's claims for racial discrimination are barred because these claims were not administratively exhausted; (4) Ms.

---

[2] Count I of Ms. Gouldburn's complaint is titled "Discrimination Based on National Origin." Based on language used in several paragraphs of this Count, however, it appears that Ms. Gouldburn may be intending to assert Title VII claims based on race and national origin (Dkt. No. 1, ¶¶ 30-31). The Court will examine Title VII claims for race and national origin discrimination.

[3] In her response to the motion to dismiss, Ms. Gouldburn states that her complaint included a typo: she intended to assert a claim under ACRA for discrimination based on national origin, not gender (Dkt. No. 10, ¶ 4). To the extent Ms. Gouldburn seeks to amend her complaint, she is directed to file a motion with this Court seeking leave to amend.

Gouldburn's discrimination claims under § 1983 and ACRA against DHS and the individual defendants in their official capacities are barred by sovereign immunity; (5) qualified immunity bars any claims under 42 U.S.C. § 1983 against Mr. Little in his individual capacity.

**II.     Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Specific facts are not required; the complaint simply must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must include enough factual information to provide the grounds on which the claim rests and to raise a right to relief above a speculative level. *Twombly*, 550 U.S. at 555-56; *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). When ruling on a defendant's motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94; *see also Twombly*, 550 U.S. at 555-56.

When considering a motion to dismiss under Rule 12(b)(6), the court generally must ignore materials outside the pleadings, but it may consider matters of public and administrative record referenced in the complaint, as well as materials that are "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The court may also consider documents referred to in a complaint and central to a plaintiff's claim without converting the filing to a motion for summary judgment. *See Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).

### III. Analysis

For the reasons discussed below, the Court dismisses Ms. Gouldburn's §§ 1981, 1983, and ACRA claims against DHS. The Court also dismisses Ms. Gouldburn's §§ 1981, 1983, and ACRA claims for money damages against Ms. Gillespie and Mr. Little in their official capacities. The Title VII claims against Mr. Little in his individual capacity are dismissed. The ACRA discrimination claim against Mr. Little in his individual capacity is dismissed. Ms. Gouldburn's remaining claims survive.

Defendants attach to their motion to dismiss Ms. Gouldburn's EEOC charge (Dkt. No. 6-1). The Court has considered the charge in evaluating the sufficiency of Ms. Gouldburn's complaint and the merits of defendants' motion to dismiss.

#### A. Sufficiency Of The Complaint

The Court has reviewed all of the claims and allegations made in Ms. Gouldburn's complaint and accompanying documents (Dkt. Nos. 1, 6-1). The Court finds that she has made allegations sufficient to put defendants on notice of the claims against them. Specifically, in regard to retaliation, in her seven-page, single spaced, typed EEOC charge, she includes a subheading regarding retaliation and a narrative supporting that claim; the narrative includes dates of alleged protected conduct and discriminatory acts she maintains followed her complaints. She alleges hostile work environment harassment, among other forms of discrimination and retaliation. The Court denies defendants' motion to dismiss based upon Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2).

#### B. Title VII And ACRA Discrimination And Retaliation Claims Against Steven Little In His Individual Capacity

Defendants argue that Ms. Gouldburn's Title VII and ACRA claims against Mr. Little in his individual capacity should be dismissed. Defendants are correct that Mr. Little is shielded from

individual liability under Title VII.  "[I]ndividual employees cannot be personally liable under Title VII." *McCullough v. Univ. of Arkansas for Medical Sciences*, 559 F.3d 855, 860 n.2 (8th Cir. 2009) (citing *Bonomolo-Hagen v. Clay Cent.-Everly Cmty. Sch. Dist.*, 121 F.3d 466, 447 (8th Cir. 1997)); *see Clegg v. Ark. Dept. of Correction*, 496 F.3d 922, 925 (8th Cir. 2007) ("supervisory employees are not individually liable under Title VII").  Ms. Gouldburn concedes this point (Dkt. No. 10, ¶ 7).

The Court also agrees that Mr. Little is not liable in his individual capacity for discrimination claims under the ACRA.  Mr. Little is a supervisor, and supervisors do not meet the definition of an "employer" as defined by the ACRA.  *See* Ark. Code Ann. § 16-123-102(5) ("'Employer' means a person who employs nine (9) or more employees in the State of Arkansas in each of twenty (20) or more calendar weeks in the current or proceeding calendar year").  Therefore, Ms. Gouldburn's discrimination claims under the ACRA against Mr. Little in his individual capacity are barred.  *See Marrow v. City of Jacksonville*, 941 F. Supp. 816, 820 (E.D. Ark. 1996) (holding that supervisors are not "employers" under ACRA").  Ms. Gouldburn also concedes this point (Dkt. No. 10, ¶ 10).

Ms. Gouldburn's retaliation claim under the ACRA against Mr. Little in his individual capacity survives defendants' motion to dismiss.  The Arkansas Supreme Court has recognized a cause of action under the ACRA for retaliation against a supervisor in his individual capacity. *Calaway v. Practice Mgmt. Servs., Inc.*, 2010 Ark. 432 (2010); *see McLeod v. Cavenaugh Ford Lincoln, LLC*, No. 3:12-CV-00260-SWW, 2013 WL 4402499, at *1 (E.D. Ark. Aug. 14, 2013) (supervisors may be sued for retaliation in their individual capacities under the ACRA). Furthermore, Ms. Gouldburn exhausted her administrative remedies as to this claim by checking "retaliation" on her EEOC charge.  Defendants had notice of the retaliation claim against them.

5

*See Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004) (the charged party must have notice of the claims against it to benefit from the EEOC's process), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011). Therefore, Ms. Gouldburn's retaliation claim against Mr. Little in his individual capacity should not be dismissed.

The Court, therefore, dismisses Ms. Gouldburn's Title VII discrimination, Title VII retaliation, and ACRA discrimination claims against Mr. Little in his individual capacity. Also, for the reasons stated above, Ms. Gouldburn's ACRA retaliation claim against Mr. Little in his individual capacity is not dismissed.

### C. 42 U.S.C. § 1981 And Title VII Race Discrimination Claims

Race discrimination claims under 42 U.S.C. § 1981 against state actors may only be brought pursuant to § 1983. *See Artis v. Francis Howell North Bank Booster Ass'n. Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989) (holding that § 1983 "provides the sole exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor.")); *see also Washington v. Brooks*, No. 4:06-cv-0883-JMM, 2006 WL 3334473, at *1 (E.D. Ark. Nov. 16, 2003) (claims against state actors in their individual capacities may be brought under § 1983, not § 1981). Here, Ms. Gouldburn cites § 1981 in her complaint and, in her relief requested, seeks any and all remedies pursuant to § 1983 (Dkt. No. 1). The Court notes that it may liberally construe plaintiff's allegations for violations of § 1981 as if they were brought under § 1983. *Lockridge v. Bd. of Trs. of Univ. of Ark.*, 315 F.3d 1005, 1007 (8th Cir. 2003). Therefore, rather than dismissing Ms. Gouldburn's § 1981 claims, the Court construes those allegations as if they were brought under § 1983. Further, race discrimination claims brought under § 1981 are not subject to EEOC exhaustion requirements. *See Johnson v. Ry. Exp. Agency*, 421 U.S. 454, 461 (1975) ("Congress

did not expect that a s. 1981 court action usually would be resorted to only upon completion of Title VII procedures and the Commissions efforts to obtain voluntary compliance."); *see also Jackson v. Homechoice, Inc.*, 368 F.3d 997, 998 (8th Cir. 2014) (examining race discrimination claims brought under Title VII, the ACRA, and § 1981); *Butler v. Crittenden County, Ark.*, 708 F.3d 1044, 1049 (8th Cir. 2013) (examining exhaustion requirements for Title VII and § 1983 claims); *Henly v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012) (same); *Lockridge v. HBE Corp.*, 543 F. Supp. 2d 1048, 1057 (E.D. Mo. 2008) (nothing that "a claimant is not required to include his Section 1981 claims in his EEOC Charges) (quotation marks and citation omitted). Ms. Gouldburn may maintain her § 1981 race discrimination claims.

To the extent Ms. Gouldburn intends to allege race discrimination claims under Title VII, defendants argue that Ms. Gouldburn failed to exhaust her administrative remedies regarding such claims because she did not complain of race discrimination in her EEOC charge (Dkt. No. 6-1). She did not check the box marked "race" on her EEOC charge. Before bringing suit under Title VII, an aggrieved party must exhaust her administrative remedies. *See* 42 U.S.C. § 2000e-5(b), (e)(1) (Title VII exhaustion requirement). Therefore, before bringing a suit under Title VII, "[a] claimant must timely file an administrative charge with the EEOC." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006) (discussing exhaustion in the Title VII context). Ms. Gouldburn asserts no meaningful response to defendants' argument on this point. The Court concludes Ms. Gouldburn failed to exhaust her administrative remedies as to her race discrimination claims under Title VII. Therefore, the Court dismisses those claims.

> **D. 42 U.S.C. § 1981, 42 U.S.C. § 1983, And ACRA Claims Against DHS And Official Capacity Defendants**

In her complaint, Ms. Gouldburn alleges that DHS and the individual defendants in their official capacities discriminated against her in violation of § 1981, § 1983, and the ACRA. Ms.

Gouldburn's § 1981, § 1983, and ACRA claims for money damages against DHS and the individual defendants in their official capacities are barred by sovereign immunity. Those claims, however, survive to the extent they seek only injunctive relief.

The Eleventh Amendment bars any suit against a state in federal court unless the state has consented to suit or Congress has unambiguously abrogated the state's Eleventh Amendment immunity. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54-56 (1996). DHS is a state entity and cannot be stripped of its official character. *See King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998). DHS has not consented to suit, nor did Congress abrogate Arkansas' Eleventh Amendment immunity when it enacted § 1983. *See Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005); *Burke v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991). Suits against Arkansas are also prohibited under the ACRA and the Arkansas Constitution. Ark. Const. Art. 5 § 20; *Simmons v. Marshall*, 369 Ark. 447, 450-51 (2007). Finally, "a suit against a state official in his or her official capacity is not a suit against the official," but rather is a suit against the State. *Televen v. Univ. of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996). Therefore, Ms. Gouldburn's § 1981, § 1983, and ACRA claims for monetary damages against DHS and the individual defendants in their official capacities must be dismissed.

The Court declines to dismiss Ms. Gouldburn's claims for injunctive relief under the same statutes, at least as to the individual defendants in their official capacities. When a state official is sued for injunctive relief, that official "would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state.'" *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167, n.14 (1985)). This doctrine, however, only applies to state officials, not state agencies. *Pediatric Specialty Care, Inc. v. Ark. Dep't of Human Servs.*, 443 F.3d 1005, 1017 (8th Cir. 2006). Ms.

Gouldburn's complaint does ask for prospective relief: she seeks to be placed into a position with "requisite pay, benefits, and terms and conditions" and for an order enjoining defendants from further discriminatory acts (Dkt. No. 1, at 8). Ms. Gouldburn has sufficiently alleged that defendants violated her constitutional rights by subjecting her to discrimination in violation of § 1981, § 1983, and the ACRA. Therefore, to the extent that her claims only seek injunctive relief, those claims against defendants Ms. Gillespie and Mr. Little in their official capacities will not be dismissed. Her claim against DHS for injunctive relief under § 1981, § 1983, and the ACRA is dismissed.

### E. 42 U.S.C. § 1983 Claims Against Steven Little In His Individual Capacity

Pursuant to § 1981 and the ACRA, Ms. Gouldburn seeks an award of damages and injunctive relief against Mr. Little in his individual capacity for discriminating against her. The Court construes Ms. Gouldburn's § 1981 claims as claims under § 1983 against Mr. Little in his individual capacity. *Lockridge*, 315 F.3d at 1007.

Mr. Little argues that he is entitled to qualified immunity from these claims. "To prevail at this stage of the proceedings, defendants must show that they are entitled to qualified immunity on the face of the complaint." *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005). Qualified immunity shields public officials from liability for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "[I]t has been clearly established for many years that the Equal Protection Clause prohibits a State, when acting as an employer, 'from invidiously discriminating between individuals or groups' based upon race." *Murphy v. State of Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997) (quoting *Washington v. Davis*, 426 U.S. 229, 239 (1976)). "The Equal Protection Clause plainly prohibits state actors from intentionally

discriminating based on race or national origin." *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997) (citing *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977)); *see Ramierez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1243-44 (10th Cir. 2000) (right to be free from discrimination based upon national origin is clearly established). Since the right to be free from discrimination based on race and national origin are clearly established constitutional rights about which a reasonable person would have known, Mr. Little is not entitled to qualified immunity at this stage of the proceeding. Therefore, at this stage of the litigation, the Court denies Mr. Little's motion to dismiss the claims against him in his individual capacity based upon qualified immunity.

### F. Retaliation Claims

Defendants focus upon Ms. Gouldburn's retaliation claims in their motion to dismiss. For the reasons explained above, the Court declines to dismiss these claims under Rules 12(b)(6) or 8(a)(2). Further, upon examination of the language used by Ms. Gouldburn when alleging her retaliation claims in Counts III and IV, the Court observes that the sources of these claims are § 1981, Title VII, and the ACRA. *See Wright v. St. Vincent Health Sys.,* 730 F.3d 732, 738 n.5 (8th Cir. 2013) (examining legal standards for retaliation claims under § 1981 and Title VII); *Brown v. City of Jacksonville*, 711 F.3d 883, 892 (8th Cir. 2013) (examining legal standards for retaliation claims under Title VII and the ACRA). The Court construes Ms. Gouldburn's § 1981 retaliation claims as claims under § 1983. *Lockridge*, 315 F.3d at 1007; *Delgado-O'Neil v. City of Minneapolis*, 745 F. Supp. 2d 894, 901 (D. Minn. 2010) (determining that, where the employer is a state actor, a retaliation claim under § 1981 must be brought under § 1983). As such, Ms. Gouldburn's § 1981 retaliation claims are dismissed to the extent they seek money damages and are brought against DHS and the individual defendants in their official capacities. *See supra*

Section III.D.  To the extent Ms. Gouldburn alleges a Title VII retaliation claim against Mr. Little in his individual capacity, that claim must be dismissed because there is no individual liability under Title VII.  *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008).

The Court notes that Ms. Gouldburn specifically invokes this Court's jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367 (Dkt. No. 1, at 1).  While other types of retaliation claims are available under the law, Ms. Gouldburn has not specifically or sufficiently alleged those here.  *See Butler v. Crittenden County, Ark.*, 708 F.3d 1044, 1050-51 (8th Cir. 2013) (examining retaliation claims based on the First Amendment under § 1983); *Burton v. Arkansas Secretary of State*, 737 F.3d 1219 (8th Cir. 2013) (examining sources for retaliation claims under § 1983).  Her retaliation claims are confined to those based on the law she cites.

### IV. Conclusion

In regard to defendants' motion to dismiss (Dkt. No. 6), the Court:  (1) denies the motion as to defendants' assertion that the complaint does not state sufficient facts as required by Federal Rule of Civil Procedure 8(a)(2); (2) grants the motion as to Ms. Gouldburn's claims under Title VII against Mr. Little in his individual capacity; (3) grants the motion as to Ms. Gouldburn's ACRA discrimination claim against Mr. Little in his individual capacity; (4) denies the motion as to Ms. Gouldburn's ACRA retaliation claim against Mr. Little in his individual capacity; (5) grants the motion as to Ms. Gouldburn's race discrimination claims under Title VII; (6) grants the motion as to Ms. Gouldburn's § 1981, § 1983, and ACRA claims against DHS; (7) grants the motion as to Ms. Gouldburn's § 1981, § 1983, and ACRA claims for money damages against Ms. Gillespie and Mr. Little in their official capacities; (8) denies the motion as to Ms. Gouldburn's § 1981, § 1983, and ACRA claims for injunctive relief against Ms. Gillespie and Mr. Little in their official capacities; (9) denies the motion as to Ms. Gouldburn's § 1983 claims against Mr. Little in his

individual capacity; (10) grants the motion as to Ms. Gouldburn's § 1981 retaliation claims for money damages against DHS and Ms. Gillespie and Mr. Little in their official capacities; and (11) grants the motion as to Ms. Gouldburn's retaliation claims against Mr. Little in his individual capacity under Title VII.

It is so ordered this the 30th day of March, 2018.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge